JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV16-07566-RGK (JCx) | Date | October 14, 2016 |
|---|---|---|---|
| Title | *PAULETTE T. GRIFFITH v. VICTORIA'S SECRET STORES, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On September 12, 2016, Paulette Griffith ("Plaintiff") filed a complaint against Victoria's Secret Stores, LLC. ("Defendant") alleging claims for 1) disability discrimination; (2) unlawful denial of reasonable accommodation of a disability; (3) failure to engage in timely, good faith, interactive process; and (4) failure to prevent discrimination.

On October 12, 2016, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Plaintiff has alleges in her complaint that the amount in controversy is over $25,000. In its Notice of Removal, Defendant estimates that by the time of trial, Plaintiff's lost pay damages will equal $5,678.40. Defendant then argues that the addition of Plaintiff's non-economic and special damages, punitive damages, and attorney's fees clearly raises the amount in controversy to an amount that exceeds $75,000. However, Defendant's arguments relating to these other

damages and fees are based speculation and amounts decided in other cases based on different facts. Accordingly, the Court finds that Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer |  |  |